TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Martina Pickett

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martina Pickett,<br><br>   Plaintiff,<br><br>  vs.<br><br>Citibank NA; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

1
2
3
For this Complaint, the Plaintiff, Martina Pickett, by undersigned counsel, states as follows:

4
## JURISDICTION

5
6
7
1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

8
9
2.      Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

10
11
12
13
3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

14
15
## PARTIES

16
17
18
19
4.      The Plaintiff, Martina Pickett (hereafter "Plaintiff"), is an adult individual residing at 195 S 195th Drive, Buckeye, Arizona 85326, and is a "person" as the term is defined by 47 U.S.C. § 153(10).

20
21
22
23
5.      The Defendant, Citibank NA (hereafter "Citibank"), is a company with an address of P.O. Box 6191, Sioux Falls, South Dakota 57117-6191, and is a "person" as the term is defined by 47 U.S.C. § 153(10).

24
25
26
27
28

**FACTS**

6.     Within the last four years, Citibank called Plaintiff's cellular telephone [248-787-XXXX] by using an automated telephone dialer system ("ATDS") and/or by using an artificial or pre-recorded voice in an attempt to collect an overdue credit card payment (the "Debt").

7.     When Plaintiff answered the calls from Citibank, she heard a pre-recorded message, indicating that the call was an attempt to collect the Debt.

8.     After receiving more than 50 pre-recorded phone calls, on or about January 13, 2014, Plaintiff spoke with Citibank and explained that she was experiencing financial difficulties and could in no way afford to pay the Debt at that time.  Plaintiff further advised that she would repay the Debt as soon as her financial condition improved. Plaintiff told Citibank that she was on the "do not call" list and requested that Citibank stop calling her altogether.

9.     If Citibank originally had Plaintiff's express consent to contact her at her cellular telephone, Plaintiff unequivocally revoked consent to be called at her cellular telephone during the aforementioned January 13, 2014 conversation.  Accordingly, Citibank no longer had consent to dial Plaintiff's cellular number after having been directed to cease the calls.

3

10. Despite Plaintiff's express revocation of consent, Citibank thereafter continued to place approximately 47 pre-recorded calls to Plaintiff's cellular telephone.

11. The telephone number called by Citibank was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

12. The calls from Citibank to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Without Plaintiff's express consent, Citibank contacted Plaintiff by means of automatic telephone calls and/or pre-recorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

15. The calls from Citibank to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

4

16.     Each of the aforementioned calls made by Citibank constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

17.     As a result of each of Citibank's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

18.     Citibank placed calls to Plaintiff's cellular telephone using a pre-recorded voice, knowing that it lacked consent to call her number.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19.     As a result of each of Citibank's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of

5

another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

22.     Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

23.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

24.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

25.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

26.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

27.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the

Defendants as follows:

    A.  Statutory damages of $500.00 for each violation determined to be

         negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B.  Treble damages for each violation determined to be willful and/or

         knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    C.  Actual damages from the Defendants for all damages, including

         emotional distress suffered as a result of the intentional, reckless, and/or

         negligent invasions of privacy in an amount to be determined at trial;

    D.  Punitive damages; and

    E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  March 12, 2014            LEMBERG & ASSOCIATES, LLC

                              By:  */s/   Trinette G. Kent*
                              Trinette G. Kent

                              Attorney for Plaintiff,
                              Martina Pickett